Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy OSB #223506
Email: Patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS
NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Michael Doty

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL DOTY**, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>**TUALATIN VALLEY FIRE & RESCUE**, a public entity; **CHIEF DERIC WEISS**, in his individual and official capacities; **LUCY SHIPLEY**, in her individual and official capacities; **SALLY NEWMAN**, an individual;<br>and **DOES 1–5**, inclusive,<br><br>                  Defendants. | Case No.   0:26-cv-308<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br><br>Claim $2,000,000<br><br>**DEMAND FOR JURY TRIAL** |

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**INTRODUCTION**

1.    Michael Doty is a long time firefighter who was wrongly accused of and charged with criminal misconduct in Yamhill County that was widely publicized. He was placed on administrative leave by Defendant Tualatin Valley Fire & Rescue until the criminal trial was concluded. He was acquitted of all charges by a jury of his peers and Defendant Tualatin Valley Fire & Rescue (hereinafter "TVFR") returned him to work. After returning to work he was subjected to ongoing harassment, discrimination and retaliation by TVFR and three female employees of TVFR who targeted him due to his gender and his prior criminal prosecution. A sham investigation was conducted by a female investigator who excluded relevant evidence, and plaintiff was subjected to adverse employment actions which deprived him of income through overtime, retirement degradation, loss of reputation, humiliation, isolation,  by TVFR and their employees.

**I. JURISDICTION AND VENUE**

2.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and supplemental claims under Oregon state law.

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and § 1367(a).

4.    Venue lies in this District under 28 U.S.C. § 1391(b), as all relevant acts occurred within Washington and Yamhill Counties, Oregon, which are within the Portland Division.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## II. PARTIES

5.    Plaintiff MICHAEL DOTY is a resident of Oregon and at all relevant times was employed as a firefighter and paramedic by Tualatin Valley Fire & Rescue ("TVF&R").

6.    Defendant TVF&R is a municipal corporation and public employer organized under Oregon law.

7.    Defendant CHIEF DERIC WEISS was the Fire Chief of TVF&R and is sued in his individual and official capacities.

8.    Defendant LUCY SHIPLEY was the Director of Organizational Health for TVF&R and is sued in her individual and official capacities.

9.    Defendant SALLY NEWMAN is a firefighter employed by TVF&R and is sued individually for defamation and publication of private facts.

10.    Defendants DOES 1–5 are individuals whose identities are currently unknown who participated in or ratified the unlawful conduct alleged herein.

## III. GENERAL ALLEGATIONS

11.    At all relevant times, Defendant Deric Weiss, as Fire Chief of Tualatin Valley Fire & Rescue, possessed final policymaking authority with respect to employee discipline, internal investigations, and the imposition of employment restrictions.

12.    Plaintiff has fulfilled his administrative responsibilities:

a.    No further administrative review exists within TVF&R that could overturn or modify the discipline imposed upon Plaintiff without Chief Weiss's approval.

b.    Plaintiff issued TVF&R a Tort Claim Notice on July 11, 2025

PAGE 3 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

c.　　Plaintiff issued TVF&R a Litigation Hold and preservation of documents letter on February 20, 2025.

13.　The disciplinary measures imposed upon Plaintiff, including the two-year last chance agreement and associated employment restrictions, were approved and implemented by Chief Weiss in his capacity as final decisionmaker.

14.　TVF&R maintained and enforced investigative procedures that permitted complainants to be notified of investigative conclusions before the accused employee's response period had expired.

15.　TVF&R failed to maintain adequate safeguards to prevent dissemination of investigative findings to third-party coworkers prior to the completion of the disciplinary process.

16.　These procedures were not isolated departures from policy but were carried out through Human Resources channels pursuant to established District practices.

17.　The structure and implementation of these procedures directly caused the deprivation of Plaintiff's protected liberty and property interests.

18.　Defendant Weiss and other final policymakers were aware that:

a. Investigative findings had been communicated to complainants before Plaintiff's response deadline;

b. Plaintiff had submitted exculpatory information and identified inconsistencies in witness accounts to Human Resources and timeline discrepancies;

c. Plaintiff had submitted witness statements contradicting the complainants' versions of events;

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

d. The investigator acknowledged absence of corroborating third-party testimony on material allegations.

e. Despite the lack of third-party witnesses to confirm material allegations and evidence presented by Plaintiff's witnesses that contradicted complainants, yet credibility findings by the female investigator were adverse to Plaintiff.

19. Despite this knowledge, final policymakers approved and enforced disciplinary measures against Plaintiff.

20. By affirming and enforcing the discipline under these circumstances, TVF&R ratified the constitutional violations described herein.

21. TVF&R maintained a custom and practice of selectively enforcing workplace conduct standards in a manner that disproportionately disciplined male firefighters while failing to investigate or discipline similarly situated female firefighters.

22. On or about November 2024, Plaintiff submitted a written complaint reporting that Defendant Newman had made explicit sexual comments in the workplace including statements referencing "slapping her dick on the table," in violation of TVF&R Policy SOG 8.7.6) and requested a formal investigation.

   a. Plaintiff was not informed that any investigation was completed or action taken.

   b. On information and belief, Newman was not disciplined, and

   c. Within weeks was given desirable shifts that were being denied to Plaintiff.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

23.    The District's failure to investigate or discipline comparator conduct, while imposing severe discipline on Plaintiff, reflects a policy or custom of unequal enforcement.

24.    This custom directly contributed to the constitutional violations alleged in Counts I and II.

25.    The constitutional deprivations suffered by Plaintiff were not the result of isolated or unauthorized acts of subordinate employees.

26.    Rather, the deprivations were caused by official decisions of final policymakers, ratification of known procedural defects, and structural investigative practices maintained by TVF&R.

27.    Accordingly, TVF&R is liable under 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services* and its progeny.

28.    Plaintiff was acquitted of all criminal charges in Yamhill County, Oregon in 2024.

29.    Following Plaintiff's acquittal, TVF&R announced a separate internal investigation into Plaintiff's conduct, retaining outside counsel Lauren J. Russell of Dunn Carney / CDR Labor Law LLC.

30.    During the pendency of TVFR's internal investigation, TVFR removed Plaintiff from an established call shift and restricted him from access to overtime opportunities contrary to its practices for other similarly situated employees on information and belief because of his prior criminal prosecution.

31.    Plaintiff was informed the removal from the call shifts was tied to the ongoing investigation of claims made by the women who were mirroring allegations in the

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

criminal complaint, not withstanding the absence of any sustained discipline or criminal conviction that would justify such restrictions.

32.    As a result of TVFR's actions Plaintiff lost overtime earnings, and work opportunities which previously were routinely available to him.

33.    On February 19, 2025, Plaintiff learned that complainants had been notified that the investigation was complete and had received summaries of investigation findings before Plaintiff was provided with his copy or allowed to submit a response within the ten-day response period outlined by Human Resources.

34.    Plaintiff was not copied on those communications and shortly thereafter, coworkers informed Plaintiff that details of the allegations and investigative conclusions had been discussed at Station 20.

35.    Multiple firefighters informed plaintiff, that Defendant Sally Newman had discussed the investigation's conclusions and allegations with members of the station crew, including statements that Plaintiff had been found responsible for misconduct. These were disclosures to

    a.    uninvolved firefighters,

    b.    private confidential personnel  information about Plaintiff

    c.    from Defendant TVFR's personnel investigation,

    d.    which immediately damaging Plaintiff's professional reputation,

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

e.      which he had been specifically instructed to not discuss.

36.    TVF&R imposed a two-year 'last chance' agreement suspending and restricting Plaintiff's benefits, overtime eligibility, and promotional opportunities.

37.    Plaintiff made internal complaints reporting workplace harassment, discrimination, and procedural violations under TVF&R's policy SOG 8.7.6.

38.    After making these reports, Plaintiff experienced further retaliation, including reassignment, denial of promotions, and workplace ostracism.

39.    Female firefighters, including Defendant Newman, made explicit sexual comments without discipline, while Plaintiff was punished for benign remarks.

40.    Defendants' conduct caused Plaintiff to suffer lost wages, emotional distress, reputational harm, and loss of retirement benefits.

## I. – 42 U.S.C. § 1983: DEPRIVATION OF PROCEDURAL DUE PROCESS
## Against TVF&R

41.    Plaintiff incorporates by reference paragraphs 1 through 40.

42.    At all relevant times, Defendants TVF&R, Weiss, Shipley, and Does 1–5 acted under color of state law when they initiated and conducted an internal investigation of Plaintiff's alleged workplace conduct.

43.    Before Plaintiff was provided with a meaningful opportunity to respond to the allegations or to the investigator's credibility determinations, Defendants disclosed the existence, substance, and purported outcome of the investigation to the complainants.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

44.     Defendants further disclosed investigative information to third-party coworkers at Plaintiff's station, resulting in the dissemination of stigmatizing allegations within the workplace.

45     Plaintiff was not copied on, informed of, or provided notice of these disclosures at the time they were made.

46.     Plaintiff learned that the allegations and investigative conclusions had been circulated among coworkers while he was still within the deadline provided by Defendants to submit additional information or a response.

47.     As a result of these disclosures, Plaintiff suffered reputational harm, loss of standing among coworkers, and damage to his professional credibility.

48.     At the same time Defendants disseminated stigmatizing information, they altered Plaintiff's legal status by imposing discipline, restricting assignments, and limiting employment opportunities with the two-year 'last chance' agreement.

49.     Defendants' actions deprived Plaintiff of protected liberty and property interests without constitutionally adequate notice or a meaningful opportunity to be heard because the released preliminary investigation findings:

   a.     included unresolved factual disputes

   b.     contained an absence of corroborating witnesses and contradictory witnesses which Plaintiff provided on key issues

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

c.      placed the Plaintiff in a false light

d.      Plaintiff had been barred from discussing the matter.

50..    Defendants published stigmatizing allegations in connection with disciplinary actions imposing a two-year "last chance" agreement restricting Plaintiff's assignments and overtime eligibility without providing a name-clearing hearing or opportunity to challenge the  credibility findings in a neutral forum.

51.     Such actions violated Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

## COUNT II – 42 U.S.C. § 1983: RETALIATION FOR PROTECTED SPEECH AGAINST TVF&R

52.     Plaintiff incorporates by reference paragraphs 1 through 51

53.     During the investigation, Plaintiff engaged in protected speech and petitioning activity by submitting written communications to Defendants' Human Resources department and command staff.

54.     Plaintiff's communications raised concerns regarding the fairness and accuracy of the investigation, identified exculpatory witnesses, and reported unequal enforcement of workplace standards.

55.     Plaintiff further reported that similarly situated female employees were not disciplined for comparable or more severe conduct.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

56.    Plaintiff's written communications to Human Resources specifically challenged the unequal enforcement of TVF &R's harassment policy, identified specific comparator conduct by female firefighters that was not investigated, and requested preservation of digital communications relevant to credibility disputes. Which are

    a. matters of public concern involving discriminatory enforcement of harassment policies,

    b.    procedural irregularities, and

    c.    misuse of investigatory authority in a public funded safety agency

    d.    failure to investigate written complaints of harassment in a publicly funded agency; and

    e.    the fair application of disciplinary standards to personnel.

57.    Defendants were aware of Plaintiff's protected activity at the time it occurred.

58.    Shortly after Plaintiff engaged in this protected activity, Defendants subjected Plaintiff to adverse employment actions, including discipline, restriction of assignments, and interference with career advancement.

59.    The timing and circumstances of Defendants' actions demonstrate that Plaintiff's protected speech was a substantial or motivating factor in the adverse actions taken against him.

60.    Defendants' conduct violated Plaintiff's rights under the First Amendment.

PAGE 11 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## COUNT III – ORS 659A.030: SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT AGAINST TVF&R

61.     Plaintiff incorporates by reference paragraphs 1 through 60.

62.     Plaintiff is male and is a member of a protected class under ORS 659A.030.

63.     Defendants selectively enforced workplace conduct standards against Plaintiff because of his sex.

64.     Female firefighter Sally Newman acknowledged making explicit sexual statements in the workplace but was not investigated or disciplined for that conduct.

65      In contrast, Plaintiff was disciplined for substantially less severe conduct.

66.     Defendants credited uncorroborated accusations against Plaintiff while disregarding exculpatory evidence and Plaintiff's complaints regarding discriminatory treatment.

67      Defendants failed to investigate or remediate Plaintiff's complaints concerning disparate treatment and false accusations.

68.     Following dissemination of investigative conclusions, Plaintiff experienced ostracism from coworkers, exclusion from team activities, and reassignment from his regular call shift; including denial of overtime opportunities routinely assigned to similarly situated firefighters and these conditions persisted for months following the investigation.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

69.     The hostile work environment altered the terms and conditions of Plaintiff's employment and caused significant emotional and professional harm.

## COUNT IV – ORS 659A.230: RETALIATION FOR REPORTING VIOLATIONS AGAINST TVF&R

70.     Plaintiff incorporates by reference paragraphs 1 through 69.

71.     Plaintiff engaged in protected activity by reporting discrimination, harassment, and violations of Defendants' workplace policies to supervisors and Human Resources.

72.     Plaintiff complained that Defendants failed to investigate misconduct by female employees and retaliated against him for raising concerns.

73.     Defendants were aware of Plaintiff's protected reports.

74.     Following Plaintiff's protected activity, Defendants subjected Plaintiff to adverse employment actions, including unwarranted discipline, obstruction of reinstatement opportunities, and continued employment restrictions.

75.     The temporal proximity between Plaintiff's protected activity and Defendants' adverse actions supports a causal connection between the two.

76.     Plaintiff's protected reporting was a substantial factor motivating Defendants' retaliatory conduct.

77.     Defendants' actions violated ORS 659A.230.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## COUNT V – COMMON LAW NEGLIGENT INVESTIGATION AGAINST TVF&R

78.    Plaintiff incorporates by reference paragraphs 1 through 77.

79    Defendants voluntarily undertook a duty to conduct a fair, unbiased, and confidential investigation pursuant to their written harassment and retaliation policies, which were intended to protect employees like Plaintiff.

80    Defendants further undertook a duty to follow Human Resources procedures designed to protect employees from retaliation and reputational harm.

81.    Plaintiff provided Human Resources with specific exculpatory information, including the identities of witnesses present during the alleged incidents, inconsistencies in complainant timelines, and prior written communications contradicting the allegations and none of the information provided to TVF&R was used in the investigation.

82    TVF&R's Human Resources notified Complainants of the investigation's completion and findings without including any of the information provide by Plaintiff in ¶ 81, and before Plaintiff's response to the investigation findings was due to HR. The results provided to the Complainants were shared with Plaintiff's coworkers before he had seen and responded to them.

83    Defendants knew or should have known that, in a public safety workplace where credibility and trust are essential to job performance and advancement, the premature disclosure of disputed investigative findings would foreseeably result in reputational injury, emotional distress, and concrete career harm to Plaintiff.

PAGE 14 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

84      Defendants' negligent performance of their undertaken duties was a substantial factor in causing Plaintiff's injuries.

## COUNT VI – COMMON LAW DEFAMATION PER SE AND PUBLICATION OF PRIVATE FACTS AGAINST ALL DEFENDANTS

85.     Plaintiff incorporates by reference paragraphs 1 through 84.

86.     Defendant Newman disclosed details of sexual misconduct allegations and investigation-related information concerning Plaintiff to coworkers and station personnel who had no legitimate need to know.

87.     On or about February 19, 2025, coworkers informed Plaintiff that Defendant Newman had stated that Plaintiff had been found responsible for sexual misconduct and was being disciplined accordingly. Yet at the time the statements were made

    a.      Plaintiff had not received the final investigative report,

    b.      Was disputing the investigative report

    c.      No discipline had been issued

    d.      And the ten-day timeline for him to respond to the report had not yet expired.

88.     The statements communicated to coworkers conveyed false and misleading assertions of fact that Plaintiff had committed substantiated workplace misconduct warranting discipline, rather than merely expressing opinion or unresolved allegations.

89.     The disclosures by Newman occurred outside formal Human Resources proceeding and were communicated to firefighters who were not participants in the

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

investigation and had no supervisory or disciplinary authority over Plaintiff, nor were they part of any official notice required by policy.

90.    As a direct result of these publications, Plaintiff suffered reputational harm, emotional distress, and adverse employment consequences.

91    Defendant TVF&R is vicariously liable for Newman's conduct because

a.    TVF&R provided confidential personnel information belonging to Plaintiff to Newman and other Complainants

b.    Their disclosure of Plaintiff's confidential personal information occurred within the course and scope of their employment and

c.    was facilitated by Defendants' investigation process and failure to restrain the disclosure of the confidential information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

## FOR COUNTS I THROUGH III AGAINST TVF&R

A.    For general and special damages including lost wages, overtime, benefits, and retirement contributions according to proof no less than $750,000;

B.    For compensatory damages for emotional distress, humiliation, and reputational harm according to proof but no less than $1,000,000;

C.    For attorney's fees and costs pursuant to 42 U.S.C. § 1988 and ORS 659A.885;

F.    For pre- and post-judgment interest as allowed by law;

G.    For such other and further relief as the Court deems just and equitable.

PAGE 16 – **COMPLAINT**

**FOR COUNT IV NEGLIGENCE AGAINST TVF&R**

A.    For compensatory including economic and noneconomic damages for actual harm caused by the defendant's conduct, including medical expenses, lost wages, and pain and suffering.

B.    For such other and further relief as the Court deems just and equitable.

**FOR COUNT V DEFAMATION PER SE AGAINST ALL DEFENDANTS**

A.    Compensatory damages according to proof, no less than $50,000.

B.    Emotional distress, humiliation, loss of reputation damages according to proof, no less than $200,000.

C.    For such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 16th  day of February 2026,

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:    */s Randy J. Harvey*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB# 223806
Email: patrick@elpnw.com

20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Michael Doty

PAGE 17 – **COMPLAINT**